**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| TERRANCE J. FEASTER, | : | Case No. 1:25-cv-177 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| CHRISTOPHER CROW, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER *and***
**REPORT AND RECOMMENDATION[1]**

Plaintiff, an Ohio prisoner proceeding pro se, has filed a civil rights Complaint in this Court under 42 U.S.C. § 1983 and Ohio state law arising out of alleged events at the Southern Ohio Correctional Facility (SOCF). (Doc. 6). Plaintiff was incarcerated at SOCF when he commenced this action (*see* Doc. 1), but he was subsequently transferred to the Toledo Correctional Institution (ToCI) (*see* Doc. 10). He has been granted leave to proceed *in forma pauperis* by separate Order. (Doc. 5).

This matter is currently before the Court for a s*ua sponte* review of Plaintiff's Complaint (Doc. 6) to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). This matter is also before the Court on Plaintiff's Motion to Add Verified Status Report and Exhibits to Be Evidenced to Complaint, which the Court understands to be a motion

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

to screen the Complaint and to amend the Complaint by adding exhibits D1, D2, E, F1, F2, and F3.  (Doc. 8).

The Court will address Plaintiff's motion (Doc. 8) prior to turning to the screen of his Complaint.  Because Plaintiff has already amended his Complaint on a prior occasion through the filing of additional exhibits (*see* Doc. 1 (noting that additional attachments were added on May 16, 2025)), he requires leave of Court to amend his Complaint a second time.  *See* Fed. R. Civ. P. 15(a) (providing, in relevant part, that "[a] party may amend its pleading once as a matter of course").  In light of the liberal policy under Federal Rule of Civil Procedure 15 permitting amendments, *see Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001), the Court **GRANTS** the motion (Doc. 8) to the extent that Plaintiff seeks to add exhibits E, F1, F2, and F3 to the Complaint.  *See* Fed. R. Civ. P. 10(c).  For purposes of clarity, the **CLERK OF COURT** is **DIRECTED** to file those exhibits as attachments to Document 6.  In light of the instant Report and Recommendation and because exhibits D1 and D2 have already been filed with the Complaint as Doc. 6-4 and Doc. 6-5, the motion (Doc. 8) is **DENIED as moot** in all other respects.

### Screening of Complaint

#### A.      Legal Standard

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).  Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys.  *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).  But this leniency is not boundless, and "it is not

within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662. (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B.    Plaintiff's Complaint

Plaintiff's Complaint names four defendants, solely in their individual capacities: SOCF Corrections Officers Christopher Crow, "Pack," and Robert Setty, and SOCF Nurse Durham. (Doc. 6, *PageID* 90-91).

Plaintiff alleges that on October 24, 2024, while he was housed in Restrictive Housing at SOCF, Defendants Crow and Pack were making rounds with the breakfast cart at around 8:15 a.m. when Plaintiff asked them to check the status of his conduct report hearing, as it was two days overdue. *Id.* at 93. Plaintiff alleges that he also initiated a hunger strike and asked to speak to a mental health counselor. *Id.* Plaintiff alleges that between 8:30 a.m. and 8:45 a.m. he again

3

stopped Pack to tell him that no counselor had arrived and that he wanted to go on "watch." *Id*. at 93-94. Defendant Pack purportedly thanked Plaintiff for letting him know, left, and returned with Defendant Crow. *Id*. at 94. Plaintiff alleges that when Pack and Crow returned, he had a sheet around his shoulders, with part of it on a shelf that was close by. *Id*. Plaintiff alleges that he told Crow and Pack that he felt suicidal and wanted to go on "constant watch." Crow purportedly responded that he wanted to search Plaintiff's cell, to which Plaintiff replied that he had asked for mental health. *Id*. Plaintiff states that at that time he was sitting and holding the sheet with both hands and kept repeating his requests for mental health and for Crow and Park to activate their body worn cameras (BWC). *Id*.

According to Plaintiff, Crow then started yelling, "stop that" and "don't do that," and then began deploying his "O.C. mace." *Id*. Plaintiff states that the mace hit him in the face "non-stop" but he moved the sheet away from him, raising his hands as if to surrender. *Id*. Crow allegedly told Plaintiff to "cuff up" but never released the depressor and continued to empty the entire can, which Plaintiff asserts contained 661 grams of mace. *Id*. Plaintiff indicates that Crow then shook the can in an effort to spray more. *Id*.

Plaintiff alleges that he complied with Crow's order to back up and to be cuffed but due to the fumes, Crow ran to the control booth, leaving Pack and Plaintiff. *Id*. Plaintiff alleges that he then passed out from the fumes, waking to find Sergeant King, who is not named as a defendant, Pack, and an unidentified nurse. *Id*. at 95. Plaintiff states that King and Pack had their BWC activated. *Id*.

It appears from his allegations that Plaintiff was then transported to the SOCF Medical Department. *Id*. Plaintiff claims that even though he had been sprayed with mace in the head, face, chest, torso, and back, Defendant Nurse Durham only used only one saline wipe, which failed

4

to remove the spray and left chemicals on Plaintiff's face, chest, torso, back, head, and eyes. *Id*. at 96. Plaintiff also states that he was not allowed any fresh air or a shower for three days and that his skin continued to burn while on constant watch. *Id*. Plaintiff asserts that when he was released from constant watch and returned to Restrictive Housing on October 28, 2024, he attempted to wash off the mace, but the water reactivated the chemicals, which again burned his skin. *Id*. Plaintiff says that he requested medical, but his request was not answered. *Id*. Nurse James, who is not named as a defendant, allegedly told Plaintiff that medical was backed up. *Id*.

Plaintiff contends that on November 28, 2024, Defendant Setty, who Plaintiff states is also named as a defendant in another lawsuit he filed, conducted the use-of-force hearing relating to the macing incident. *Id*. at 96. Although Plaintiff concedes that "Lt. Setty did capture most of the correct depictions captured on BWC and DVR footage," Plaintiff asserts Setty "deliberately gave falsehoods to [Plaintiff's] accounts leading up to [Defendant] Crow deploying" the mace and "failed to discipline and correct" allegedly false information provided by non-defendant staff witnesses, one of whom had written out Plaintiff's statement "with no authority to do so." *Id*. at 96-97.

For relief, Platiniff seeks monetary damages and a temporary restraining order (TRO) against Defendants. *Id*. at 98.

C.      Analysis

Based on the above allegations, Plaintiff brings the following five claims, all of which he asserts are being brought under the Eighth Amendment to the United States Constitution: (1) excessive force against Defendant Crow; (2) failure to intervene against Defendant Pack; (3) deliberate indifference to a serious medical need against Defendant Nurse Durham; (4) deliberate disregard for the truth against Defendant Setty; and (5) intentional infliction of emotional distress

5

against each Defendant. (Doc. 6, *PageID* 93-97). Although Plaintiff purports to bring his fifth claim (intentional infliction of emotional distress) under the Eighth Amendment, the Sixth Circuit has held that "intentional infliction of emotional distress, by itself, cannot amount to a constitutional violation." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 678 (6th Cir. 2005). The Court therefore evaluates Plaintiff's fifth claim as a state-law claim. *See id.*

At this stage in the proceedings, without the benefit of briefing by the parties, the Undersigned concludes that Plaintiff's Eighth Amendment claims of excessive force against Defendant Crow, failure to intervene against Defendant Pack, and deliberate indifference to a serious medical need against Defendant Nurse Durham may proceed at this juncture for further development to the extent that Plaintiff seeks monetary damages. The Court will determine at a later stage in the proceedings whether the exercise of supplemental jurisdiction over Plaintiff's state-law claims for intentional infliction of emotional distress against Defendants Crow, Pack, or Nurse Durham is appropriate. *See* 28 U.S.C. § 1367. Thus, the Court will not recommend at this time to *sua sponte* dismiss those state-law claims to the extent that Plaintiff seeks monetary damages. However, for the reasons set forth below, the Undersigned recommends that Plaintiff's remaining claims for damages be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his request for a TRO be denied.

### a. Plaintiff's Claims Against Defendant Setty Should Be Dismissed.

Plaintiff has failed to state a constitutional claim upon which relief may be granted against Defendant Setty. Plaintiff seeks to hold Defendant Setty liable under the Eighth Amendment for his alleged failure to properly investigate and his alleged falsification of certain findings related to the October 24, 2024 use-of-force incident. (Doc. 6, *PageID* 96-97). Plaintiff's allegations against Setty, however, fail to state a constitutional claim. "There is no statutory or common law right,

much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Further, the failure to investigate or correct another person's alleged constitutional violation "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). As such, an official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For these reasons, Plaintiff fails to state a plausible Eighth Amendment claim against Defendant Setty.

Additionally, to the extent that Plaintiff attempts to save this claim with a conclusory suggestion that Setty's allegedly improper investigation of the use-of-force incident was in retaliation for being named as a defendant by Plaintiff in another case (*see* Doc. 6, *PageID* 96), Plaintiff's allegations fail to state a claim for relief. A prisoner's claim of retaliation is grounded in the First Amendment. *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct, at least in part, motivated the adverse action. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), in turn quoting *Thaddeus-X*, 175 F.3d at 394).

7

Even assuming, without deciding, that Plaintiff has sufficiently pled protected conduct and an adverse action,[2] Plaintiff has not pled facts suggesting a causal connection between the alleged adverse action (Setty's investigation of the use-of-force incident) and the protected activity (Plaintiff's earlier filed case). "Not every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). Plaintiff clearly disagrees with certain aspects of Setty's investigation (*see* Doc. 6, *PageID* 96), but Plaintiff offers only a conclusory suggestion that the allegedly deficient investigation was motivated by Plaintiff's prior lawsuit. *See id*. ("Setty who is also in captioned case . . . decided to conduct the use of force hearing."). Without any "further factual enhancement," Plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Twombly*, 550 U.S. at 555-57. *See also Robertson v. Mixon*, No. 4:23-cv-1026, 2024 WL 729275, at *3 (E.D. Ark. Feb. 22, 2024), *report and recommendation adopted*, No. 4:23-cv-1026, 2024 WL 1289903 (E.D. Ark. Mar. 26, 2024) ("Mr. Robertson's conclusory, speculative assertions that a causal

---

[2]Because Plaintiff has failed to plead facts satisfying the third element of a retaliation claim, the Court need not address the first two elements. *See, e.g., Devlin v. Blackmon*, No. 05-cv-6081, 2007 WL 1853144, at *3 n.5 (E.D. Pa. June 26, 2007). The Court notes, however, that "protected conduct, for the purposes of a First Amendment retaliation claim, encompasses a prisoner's efforts to access the courts in direct appeals, habeas corpus actions, and civil rights claims." *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). As for the second element, a plaintiff must establish that defendants undertook an adverse action that would "deter a person of ordinary firmness from continuing to engage in the protected conduct." *Thaddeus-X*, 175 F.3d at 698; *see also Bell*, 308 F.3d at 606 ("The relevant question is whether the defendants' actions are 'capable of deterring a person of ordinary firmness;' there is no requirement that the plaintiff show actual deterrence.") (quoting *Thaddeus-X*, 175 F.3d at 398). Although the Court need not decide the issue, the Undersigned questions whether an allegedly improper investigation of a use-of-force incident would constitute an adverse action for purposes of the First Amendment. *See, e.g., Islam v. Goord*, No. 05-cv-7502, 2006 WL 2819651, at *6 (S.D.N.Y. Sept. 29, 2006) ("Blaine's alleged improper investigation of plaintiff's complaint against Riel (e.g., by failing to summon most of his witnesses, treating the two witnesses summoned in an unprofessional manner, and distorting and omitting material facts) similarly fails to satisfy the adverse action standard.").

connection exists between his filing a grievance or lawsuit and each Defendant's alleged retaliatory conduct fails to state a plausible constitutional claim for relief.").

Plaintiff therefore fails to state a claim upon which relief can be granted under either the First or Eighth Amendments against Defendant Setty.

**b. Plaintiff's Claims against Unnamed Defendants Should Be Dismissed.**

Plaintiff's Complaint contains allegations with respect to some people who are not named as Defendants. But Plaintiff has failed to state a claim against any unnamed Defendants. Because such individuals are not named as Defendants, and thus are not parties to this case, the Court declines to analyze Plaintiff's statements with respect to them and recommends that any purported claims against them be dismissed without prejudice. *See Chapple v. Franklin Cty.*, No. 2:21-cv-5086, 2022 WL 856815, at *16 (S.D. Ohio Mar. 23, 2022), *report and recommendation adopted as modified sub nom. Chapple v. Franklin Cty. Sheriff's Officers FCCC 1 & 2*, No. 2:21-cv-5086, 2022 WL 16734656 (S.D. Ohio Nov. 7, 2022).

**c. Plaintiff's Request for a TRO Should Be Denied.**

Finally, in his request for relief, Plaintiff seeks "a Temporary Restraining Order against the defendants …" for an unspecified reason. (Doc. 6, *PageID* 98). A request for a TRO is governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox. Co.,* 434 U.S. 1345, 1347 n. 2 (1977). In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

9

4.   Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)).  The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief.  *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).  "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue."  *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits."  *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).  When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting."  *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)).  In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides."  *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).  A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief."  *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Here, the Undersigned finds the second factor dispositive of Plaintiff's request for a TRO. As noted above, Plaintiff is no longer housed at SOCF, where the named Defendants are employed. Because Defendants are at SOCF and he is at ToCI, Plaintiff has failed to show that he is likely to suffer irreparable injury absent the requested injunction. Stated another way, Plaintiff has failed to allege a harm that is "both certain and immediate, rather than speculative or theoretical." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). Plaintiff's failure to demonstrate irreparable harm is fatal to his request for a TRO. *See Jones*, 341 F.3d at 476. Therefore, the Court need not evaluate the other factors. *Id. See also Nat'l Info. & Commc'ns Equip. Network Inc. v. Willigan*, No. 06-cv-28, 2006 WL 2711756, at *4 (E.D. Ky. Sept. 21, 2006) ("The failure to demonstrate irreparable harm is fatal to Plaintiff's motion for preliminary injunction.").

The Undersigned therefore recommends that Plaintiff's request for a TRO be denied.

Accordingly, Plaintiff may proceed at this juncture for further development on his damages claims under the Eighth Amendment for excessive force against Defendant Crow, failure to intervene against Defendant Pack, and deliberate indifference to a serious medical need against Defendant Nurse Durham. Plaintiff may also proceed at this juncture on his damages claim under state law for intentional infliction of emotional distress against Defendants Crow, Pack, and Nurse Durham. The Undersigned recommends that the remainder of Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his request for a TRO be denied.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Add Verified Status Report and Exhibits to Be Evidenced to Complaint (Doc. 8) is **GRANTED** to the extent that Plaintiff seeks to add exhibits E, F1, F2, and F3 to the Complaint. *See* Fed. R. Civ. P. 10(c). The **CLERK OF COURT** is **DIRECTED** to file exhibits E (Doc.

8, *PageID* 142-60), F1 (*id*. at 161), F2 (*id*. at 162), and F3 (*id*. at 163-234) as attachments to Document 6.  The motion (Doc. 8) is **DENIED as moot** in all other respects.

2.     Plaintiff may **PROCEED** at this juncture for further development on his damages claims under the Eighth Amendment for excessive force against Defendant Crow, failure to intervene against Defendant Pack, and deliberate indifference to a serious medical need against Defendant Nurse Durham and on his damages claim under state law for intentional infliction of emotional distress against Defendants Crow, Pack, and Nurse Durham.

3.     The United States Marshal **SHALL** serve a copy of the Complaint (Doc. 6), summons, the separate Order issued granting the plaintiff *in forma pauperis* status (Doc. 5), and this Order and Report and Recommendation upon Defendants Crow, Pack, and Nurse Durham.

4.     Plaintiff **SHALL** serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or Defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

5.     Plaintiff **SHALL** inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


### IT IS THEREFORE RECOMMENDED THAT:

1.     Plaintiff's damages claims under the Eighth Amendment against Defendant Setty be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted;

2.     Plaintiff's damages claims under the First Amendment against Defendant Setty and Plaintiff's damages claims against unnamed Defendants be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted;

3.     Plaintiff's request for a TRO against Defendants be **DENIED**, *see Jones*, 341 F.3d at 476; and

12

4.      In the absence of any remaining federal claims against Defendant Setty and the unnamed Defendants, the Court should **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state-law claim for intentional infliction of emotional distress against these Defendants, *see* 28 U.S.C. § 1367(c)(3).

March 18, 2026                                      s/Peter B. Silvain, Jr.

Peter B. Silvain, Jr.
United States Magistrate Judge

13

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).